**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| RONALD G. WILSON, : <br> : <br>     Plaintiff, : <br> : <br> v. : <br> : <br> BENYON SPORTS SURFACES, : <br> INC., *et al.*, : <br>     Defendants. : <br> : <br> : | CIVIL ACTION NO. <br> 1:11-CV-2002-RWS |

## **ORDER**

This case comes before the Court on Plaintiff's Second Motion to Remand and for Attorney's Fees [24]. After a review of the record, the Court enters the following order.

On June 17, 2011, Plaintiff Ronald Wilson filed this declaratory judgment action in the Superior Court of Fulton County seeking a declaration that the restrictive covenants he signed with Defendant Benyon Sports Surfaces ("BSS") are invalid under Georgia law. He also sought an injunction to prevent those covenants' enforcement should they be declared invalid. Cmpl., Dkt. No. [1-1].

On June 21, 2011, Defendant removed this action. Dkt. No. [1]. Plaintiff then filed a motion to remand, challenging the Defendant's assertion that the controversy exceeded $75,000. Dkt. No. [9]. In response, the Defendant amended its notice of removal which purportedly addressed all of the Plaintiff's challenges to the original removal notice. See Def.'s Opp., Dkt. No. [18] at 1.

The Plaintiff then, in what was styled as his "Reply Brief" to the initial Motion to Remand, mounted challenges to the amended notice of removal. Dkt. No. [24]. The Defendant moved for the opportunity to file a surreply brief, and the Court granted the motion, treating the Plaintiff's initial Reply Brief as his Second Motion to Remand and allowing responsive briefing on the matter. Dkt. Nos. [25, 27]. As the matter is now fully briefed, the Court will consider Plaintiff's Second Motion to Remand [24].

**A. Motion to Remand**

A defendant may only remove an action from state court if the federal court would possess original jurisdiction over the subject matter. 28 U.S.C. § 1441(a). The district court may exercise original jurisdiction where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C. § 1332(a)(1). In the present case, the parties do not dispute that

they are citizens of different states; the only question is whether the amount in controversy has been satisfied.

When determining subject-matter jurisdiction, a court must construe the removal statute narrowly and resolve any uncertainties in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Further, the party seeking removal bears the burden of establishing federal jurisdiction. Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005). The burden a defendant must satisfy depends upon whether the plaintiff specified the amount of damages in the complaint. When a plaintiff makes an unspecified claim for damages, as was done here, a removing defendant has a lesser burden and must establish damages by a preponderance of the evidence. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), rev'd on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069, 1076-77 (11th Cir. 2001).

The Eleventh Circuit has stated:

> When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective . . . . In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted.

3

Cohen, 204 F.3d at 1077. In the restrictive covenant context, "[t]he value of the injunctive relief requested would have to be measured by comparing what plaintiffs could earn while complying with the restrictive covenants to what they could earn without having to comply . . . ." Huff v. ALFA Ins. Corp., 1:09-cv-584-JEC, *11 (N.D. Ga. June 25, 2009). A federal court cannot find that it has subject-matter jurisdiction if the benefit a plaintiff could receive is "too speculative and immeasurable to satisfy the amount in controversy requirement." Leonard v. Enterprise Rent a Car, 279 F.3d 967, 973 (11th Cir. 2002).

> To determine the amount in controversy
>
> the court considers the document received by the defendants from the plaintiff – be it the initial complaint or a later received paper – and determines whether that document and the notice of removal unambiguously establish federal jurisdiction . . . . In assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand is filed – i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings . . . . The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.

Lowery v. Ala. Power Co., 483 F.3d 1184, 1213-1215 (11th Cir. 2007).

4

The Complaint does not make a demand for monetary damages but rather seeks only declaratory and injunctive relief. Cmpl., Dkt. No. [1-1]. However, the Amended Notice of Removal asserts several facts which Defendant alleges support the amount in controversy requirement: 1) Wilson was paid $224,090.82 in total 2009 compensation at BSS; 2) Wilson was paid $224,654.63[1] in total 2010 compensation at BSS; 3) By March 2011, Benyon learned that Polytan had announced internally that Wilson had accepted a position as the President/CEO of Polytan; and, 4) based upon the BSS Chief Operating Officer's experience in the industry, "[a]s the President/CEO of Polytan, Wilson will make in excess of $75,000 per year in salary." Am. Removal Not., Dkt. No. [17] at 2-3; Am. Benyon Aff., Dkt. No. [19-1] at 1-2. BSS also argues that because the Plaintiff has not affirmatively stated that the value is less than $75,000, the Court should construe that failure as an inference of admission. Def.'s Opp., Dkt. No. [28] at 6 (citing Wilson v. Target Corp., No. 10-cv-80451-CIV, 2010 WL 3632794 (S.D. Fla. Sept. 14, 2010) (finding that plaintiff's $1,000,000 pre-suit demand letter

---

[1]The Court notes that the Amended Notice of Removal states that Wilson made $270,000 in 2009 and $269,000 in 2010 and relies upon an affidavit from Andrew Benyon to support that proposition. Dkt. No. [17] at 2. However, Defendant has subsequently filed an amended affidavit in which Benyon now avers Wilson was paid $224,090.82 and $224,654.63. Dkt. No. [19-1] at 1. The Court will take BSS' second factual assertion as true.

5

coupled with plaintiff's subsequent equivocation about amount in controversy during the removal briefing allowed for an inference that the amount-in-controversy exceeded $75,000)).

In response, the Plaintiff has attached an affidavit in which he avers that, while he is currently considering other employment opportunities, "as of this date [he has] no current contract or other agreement to be employed with [Polytan] or any other employer. [He has] no current intention of becoming employed with Polytan." Wilson Aff., Dkt. No. [29-2] at ¶ 3. Wilson also states that he does "not have any measure or reliable estimate of what [his] earning potential or ability will be. . . ." Id. at ¶ 4.

The Court finds that the value of Plaintiff's claims are too speculative to satisfy subject-matter jurisdiction. While Defendant is correct that Plaintiff's prior salary is relevant to the value of the litigation, it is only probative if there is some evidence regarding what more Plaintiff could make if the restrictive covenants were declared invalid. See Crump Ins. Servs. v. All Risks, Ltd., No. 1:10-cv-1555-RWS, 2011 WL 176892, *2 (N.D. Ga. Jan. 18, 2011) (finding that the relevant inquiry was whether the "value to Duran of a declaration that the Restrictive Covenant is unenforceable exceeds $75,000."); Crump Ins. Servs. v.

6

All Risks, Ltd., 1:10-cv-1589-JOF, 2010 WL 4810281, *3 (N.D. Ga. Nov. 19, 2010) ("Under the standard set forth in Morrison, therefore, the value of the benefit that would flow to Crump, Feldhaus, and Yoss, is the difference between the revenue that Crump could generate, and Feldhaus and Yoss could earn, with the non-solicitation covenant and that which they would be able to do without it."); Huff, 09-cv-584-JEC, at *11 ("The value of the injunctive relief requested would have to be measured by comparing what plaintiffs could earn while complying with the restrictive covenants to what they could earn without having to comply . . . ."). Thus, the relevant inquiry is the difference between Wilson's salary at BSS and what he could make should the covenants be invalidated. The Court has not been provided with any evidence to support Wilson's future salary except an assertion by BSS' Chief Operating Officer that the Plaintiff will make at least as much at Polytan as he did at BSS, and that if Wilson goes to work at Polytan, he will make more than $75,000–not $75,000 more than his prior BSS salary. These two facts–which themselves are suppositions–do nothing to inform the value Plaintiff would receive should the covenants be invalidated. In fact, Wilson himself has averred that he does not have an estimate regarding his future earning potential in the absence of restrictive covenants. Thus, resolving this

7

uncertainty in favor of remand, Plaintiff's Second Motion to Remand [24] is **GRANTED.**

### B. Attorneys' Fees

Plaintiff additionally requests that should this case be remanded, Defendant be ordered to pay Plaintiff's attorneys' costs and fees incurred in federal court. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." The purpose of § 1447(c) is not to punish defendants for improper removal, but to compensate plaintiffs for expenses associated with obtaining a remand order. Publix Supermarkets, Inc. v. United Food & Commercial Workers Int'l Union AFL-CIO & CLC, 900 F. Supp. 419, 422 (M.D. Fla. 1995). Thus, attorney's fees may be awarded even in the absence of a showing of bad faith. Id. at 421; see Graham Commercial Realty, Inc. v. Shamsi, 75 F. Supp. 2d 1371, 1373 (N.D. Ga. 1998) ("A finding of bad faith or improper purpose by the removing party is not necessary.").

An award of attorneys' fees is solely in the discretion of the court. Graham, 75 F. Supp. 2d at 1373; Gray v. N.Y. Life Ins. Co., 906 F. Supp. 628, 631(N.D. Ala. 1995); see also Bauknight v. Monroe Cnty., 446 F.3d 1327, 1329 (11th Cir.

8

2006) (reviewing denial of costs and fees for abuse of discretion). Nevertheless, the exercise of the Court's discretion is not unfettered. In Martin v. Franklin Capital Corp., 546 U.S. 132 (2005), the Supreme Court recognized that § 1447(c) neither favors or disfavors the award of fees. As the Court stated, "[b]y enacting the removal statute, Congress granted a right to a federal forum to a limited class of state-court defendants. If fee shifting were automatic, defendants might choose to exercise this right only in cases where the right to remove was obvious." Id. at 711. At the same time, however,

> [t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.

Id. In view of these competing principles, the Court held that,

> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.

9

Id.(internal citations omitted).

In this case, the Court concludes that an award of reasonable attorneys' fees and costs is inappropriate. The Eleventh Circuit has never expressly stated what economic values this court is to consider when determining the "benefit that would flow to the plaintiff" from a restrictive-covenant invalidation, and this District has never published an opinion on the matter. Further, it appears that the Defendant made a good-faith attempt to remove the case and filed evidence to that end. In sum, the Court **DENIES** Plaintiff's request for attorneys' fees and costs.

### C. Conclusion

Plaintiff's Second Motion to Remand [24] is **GRANTED** and Plaintiff's request for attorneys' fees and costs is **DENIED**. The Clerk is directed to remand this action to the Superior Court of Fulton County.

**SO ORDERED** this  1st  day of December, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)